Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SOFIO BOSCARINO, Respondent, for Compensation under the Workmen's Compensation Law, *v.* CARFAGNO & DRAGONETTE, INC., Employer, and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 15, 1916.

**Workmen's Compensation Law** — loss of vision of eighty per cent of eye held equal to loss of use of eye.

Conclusion of the State Industrial Commission that the loss of the vision of eighty per cent of an eye is equal to the loss of the use of the eye for vocational purposes, approved.

LYON and COCHRANE, JJ., dissented, with opinion.

APPEAL by Carfagno & Dragonette, Inc., and another from an award of the State Industrial Commission, made on the 29th day of October, 1915.

*Nellis & Nellis* [*Andrew J. Nellis* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* attorney for State Industrial Commission, for the respondents.

KELLOGG, P. J.:

This is an appeal from an award made by the State Industrial Commission October 29, 1915, of eleven dollars and fifty-four cents weekly for 128 weeks.    The only question is whether the loss of the vision of eighty per cent of an eye is equal to the loss of the use of the eye, the Commission having determined that for vocational purposes it was the loss of the use of the eye.    The evidence was somewhat conflicting.    Dr. Weeks by agreement of the Commission and the carrier was to make an examination, and he reported that there was a loss of eighty per cent of the vision; that it would not be materially improved with glasses.    He adds: " If an artificial pupil were made the vision would be much improved, but in all probability would not be sufficiently good to permit him to follow any vocation requiring reading or any other relatively fine work.    Prospects are that the vision will remain about as it is at present until the artificial pupil is made."    If when the vision is improved by an artificial pupil he cannot follow any vocation requiring reading or any other relatively fine work it must follow that until the pupil is supplied he is less able to follow such vocation.

The employer was a contractor laying water mains.    The employee was caulking the joints with lead and thus received the injury from a chip of lead hitting the eye.    Considering that all intendments are in favor of the award, I think we cannot interfere with the determination of the Commission.    Dr. Weeks' evidence as to the artificial pupil leaves it quite indefinite how far the claimant can follow an ordinary vocation. It was for the Commission to determine whether with that eye he could well carry on the business of caulking in which he was engaged or other employment for which he is qualified. I favor an affirmance.

All concurred, except LYON, J., who dissented in opinion, in which COCHRANE, J., concurred.

LYON, J. (dissenting):

I think the State Industrial Commission was in error in reaching its conclusion that the loss of eighty per cent of the vision of claimant's eye was the consequent loss of the use of

the eye, and hence entitled the claimant to an award for the equivalent of the loss of an eye. From such finding it is apparent the claimant has not lost the entire use of the eye. At the time of receiving the injury causing an abrasion of the cornea, which left a small scar over the pupil of the eye obstructing vision, he was forty-five years of age; for about eight years had been a caulker of iron pipe, and was then in the service in that capacity of an employer engaged in laying water mains in the city of New York, receiving three dollars per day. There is no finding that the impairment of vision was such that he was unable to use the eye at all in his employment of caulker, or in any employment for which he was qualified. As suggested in the prevailing opinion, the testimony of eye specialists was conflicting. The specialist employed by the insurance carrier placed the loss of vision at fifty per cent, accompanied by the statement that in the opinion of the specialist the claimant was malingering. The eye specialist designated by the Commission under an agreement between the claimant and the insurance carrier, and upon which the conclusions of fact of the Commission were apparently based, stated that the vision of the eye equalled twenty one-hundredths; that aside from the opacity the eye-ball was in good condition; that the background of the eye-ball appeared to be normal, and fields of vision normal in extent, and as stated in the prevailing opinion " if an artificial pupil were made the vision would be much improved, but in all probability would not be sufficiently good to permit him to follow any vocation requiring reading or any other relatively fine work." While the decision of the State Industrial Commission is final as to all questions of fact, I have gone thus far into the evidence in order to justify my conclusion that the award should not have been made for the loss of the entire use of the eye, but that it should have been made for a permanent partial disability under that portion of subdivision 3 of section 15 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41), entitled " other cases." The award should, therefore, have been of sixty-six and two-thirds per centum of the difference between claimant's average weekly wages and his wage-earning capacity thereafter in the same employ-

ment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest. I, therefore, favor reversing the award and remitting the case to the Commission to make an award in conformity with the views herein expressed.

COCHRANE, J., concurred.

Award affirmed.